Case: 25-1544 Document: 36 Filed: 05/11/2026 Page: 1

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

No. 25-1544

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

TARA MILLER,

Plaintiff-Appellant

vs

DENNIS MCDONOUGH,
Secretary and U.S. Department of
Veterans Affairs

Defendants-Appellees

______________________________/

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
*Case No. 22-12865*

______________________________/

# PLAINTIFF-APPELLANT'S REPLY BRIEF

______________________________/

Respectfully submitted,
by: *D. Rick Martin*
DEWEY RICK MARTIN (P-42484)
13900 Woodward Avenue
Highland Park, Michigan 48203
(248) 872-7907
Attorneys for Plaintiff
drickmartin@glottaassociates.com

Case: 25-1544 Document: 36 Filed: 05/11/2026 Page: 2

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

# TABLE OF CONTENTS

INDEX OF AUTHORITIES....................................................................3

CONCLUSION....................................................................................20

RELIEF REQUESTED........................................................................21

CERTIFICATE OF COMPLIANCE....................................................22

CERTIFICATE OF SERVICE.............................................................23

ADDENDUM.......................................................................................24

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

# INDEX OF AUTHORITIES

**Cases**

*Alexander v. CareSource,* 576 F.3d 551, 557-58 (6th Cir. 2009)........................7

*Ashford v. Univ. of Mich.,* 89 F.4th 960, 975 (6th Cir. 2024)...........................10

*Asmo v. Keane Inc.,* 471 F.3d 588 (6th Cr. 2006)........................................7

*Briggs v. Univ. of Cincinnati,* 11 F.4th 498, 513 (6th Cir. 2021)........................7

*Bryson v. Regis Corporation*, 498 F.3d 561 (2007).......................................

*Cockrum v. Berrien Cnty, Michigan, et. al.* 101F.4th 416 (6th Cir. 2024)............10

*Evans v. Vinson,* 427 F. App'x 437 (6th Cir. 2011).....................................10

*Gaglioti v. Levin Group, Inc.,* 508 F. Appx 476 (6th Cir. 2012)........................7

*Hills v. Kentucky,* 457 F.3d 583, 588 (6th Cir. 2006)....................................10

*Jackson v. Genesee Cnty. Road Comm'n,* 999 F.3d 333 (6th Cir. 2021)..............11

*Johnson v. Ford Motor Co.* 13 F.4th 493 (6th Cir. 2021)................................14

*Kean v. Brinker International, Inc.*, No. 24-5514 (6th Cir. June 17, 2025)...........20

*Mckennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995)..................7, 12,

*McNeal v. City of Blue Ash,* 117 F.4th 887 (6th Cir. 2024).........................13, 14

*Muldrow v. City of St. Louis*, 601 U.S. 346; 144 S.C. 967; (2024).....................13, 14

*Pritchard v. Hamilton Twp. Bd. of Trs.,* 424 F. App'x 492, 503 (6th Cir. 2011)......10

*Spirko v. Mitchell,* 368 F.3d 603, 612 (6th Cir. 2004)...................................10

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008).......................11

*Walker v. U.S*, 6th Circuit, unpublished opinion, 4/11/2025, (No. 23-5265)…………9

## CONTROLLING AUTHORITIES

*Mckennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995)

*Muldrow v. City of St. Louis*, 601 U.S. 346; 144 S.C. 967; (2024)

*McNeal v. City of Blue Ash,* 117 F.4th 887, 904 (6th Cir. 2024)

*Kean v. Brinker International, Inc.*, No. 24-5514 (6th Cir. June 17, 2025)

Case: 25-1544 Document: 36 Filed: 05/11/2026 Page: 4

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

# I. ARGUMENTS

**1. Plaintiff-Appellant presented in her Appellant Brief as a primary issue on appeal the question of whether the district court was precluded from granting summary judgment under the "after-acquired evidence" doctrine. The Defendant-Appellee never responded to that significant and dispositive legal issue. Defendant-Appellee neither responded in the district court, nor in Defendant-Appellee's Response Brief on appeal.**

Plaintiff-Appellant presented on appeal, the following legal issue:

> I. The after acquired evidence doctrine makes clear that information learned *after* the *original* adverse employment decision is made, cannot be used as a shield against liability, but only to limit the remedies available to the Plaintiff at trial.
>
> Where the original decision to terminate Plaintiff was made on January 25, 2021, did the district court reversibly err in granting Defendant's motion for summary judgment that was supported by evidence acquired after January 25, 2021?

The *same* issue was presented to the district court without response. The relevant factual context for that legal issue is as follows:

> 1. On January 25, 2021, Plaintiff-Appellant, Tara Miller's supervisor, Eric Osterbeck made the "decision" to terminate Miller's employment. The reasons given for decision were stated in a letter to Human Resource representative, Earl Bell dated January 25, 2021. (Osterbeck's 1/25/2021 Request to Terminate Plaintiff, RE 39-16, Page ID # 668-669)
>
> 2. In a letter addressed to Tara Miller dated February 19, 2021, Osterbeck's supervisor, Eric Gonzales informed Miller that he had approved Osterbeck's recommendation to terminate her employment "due to failure to follow direction." The letter did not

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

provide any other reason; nor did it state the specific "direction" that Miller failed to follow. (Gonzales' Approval of Termination Letter, RE 48-1, Page ID # 877-879)

3. On February 24, 2021, Gonzales digitally "signed" the February 19. 2021 termination letter and did not add any "additional" reasons for his approval of Osterbeck's decision to terminate Miller's employment. (Id.)

4. On February 24, 2021, Osterbeck presented the termination letter to Miller and asked her to sign it. Miller refused because she disagreed with the letter and left the building as instructed. (Plaintiff's Declaration, ¶ 43, RE 48-2, Page ID # 893-894)

5. After *four* years, Eric Gonzales filed a self-serving Declaration, claiming ***for the very first time*** that he considered ***additional*** evidence as the basis for approving Osterbeck's January 25, 2021 request that Tara Miller be terminated. (Gonzales Declaration, RE 39-18, Page ID # 673-674) That position is neither credible nor a legal basis to support the motion for summary judgment.

The above outline establishes that Defendant-Appellee's "decision" to terminate Tara Miller was made by Eric Osterbeck on January 25, 2021 and approved by Gonzales in a letter addressed to Tara Miller dated February 19, 2021. The letter, which was digitally signed by Gonzales on February 24, 2021 informed Miller that her last day of work would be February 24, 2021, and that she could appeal the decision. Significantly, the *contemporaneous* documentary evidence establishes that the "sole" reason for Miller's termination was "due to failure to follow direction." (Gonzales' Approval of Termination Letter, RE 48-1, Page ID # 877-879)

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

At the time of litigation, Defendant-Appellee added another basis for termination in the Declaration of Eric Gonzales to support its motion for summary judgment. (Gonzales Declaration, RE 39-18, Pg. ID # 673-674). That position, however, is a disputed factual question, and therefore, cannot support a motion for summary judgment.[1] *See, Alexander v. CareSource*, 576 F.3d 551, 565 (6th Cir. 2009) (Evidence contradicting an employer's proffered reason can satisfy a plaintiff's burden to rebut that reason.); *see also Briggs v. Univ. of Cincinnati,* 11 F.4th 498, 513 (6th Cir. 2021).

Under the after-acquired evidence doctrine, the relevant date in determining the "motive" is the date the adverse decision was made, not the date it becomes "effective." Any conduct learned *after* the date of the "decision" is irrelevant because the conduct could not have been the "motive" or reason for the adverse decision. *See Mckennon v. Nashville Banner Publishing Co*., 513 U.S. 352 (1995). Under these circumstances, the after-acquired evidence can only be used to limit damages, and cannot be used as a shield against liability. *Mckennon, supra.*

[1] The fact that the *contemporaneous* termination letter of February 19, 2021, did *not* include any issue of accessing personnel files, means that only a jury could decide the credibility of Eric Gonzales' position. Case law precludes such evidence on liability because such evidence manifests a *change* in the claimed "motive" of the discharge and is merely a technique of litigation. Therefore, the jury must be given the task of assessing and weighing credibility, as the law requires. *See, Gaglioti v. Levin Group*, 6th Cir. ("Although, as noted, there is evidence in the record of dissatisfaction with Gagalioti's work, there is the fact that this justification ***was never raised by Levin Group until well into the litigation***—as discussed above, the initial emails and case filings deal exclusively with the temporary employee/lack of work justification. While this fact may not be enough to show a changing rationale, it would allow the jury to view the performance argument as a litigation strategy, as opposed to the real reason for the action.") (Emphasis added); *see also Asmo v. Keane, Inc*., 471 F.3d 588 (6th Cir. 2006) ("Here, the inconsistencies in Keane's stated reasons for terminating Asmo's employment ***after she initiated this lawsuit and the reasons Santoro gave her over the phone are probative of pretext***.") (Emphasis added)

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

This significant legal after-acquired evidence argument was raised by Plaintiff-Appellant in her Response to Defendant-Appellee's motion for summary judgment on pages 6-10, and 28-32. (Plaintiff's Resp. to MSJ, RE 48, Page ID # 832-876) It was completely ignored in Defendant-Appellee's Reply brief. (Defendant's Reply to Plaintiff's Resp. to MSJ, RE 50, Page ID # 1107-1117)

Plaintiff's counsel also raised the after-acquired evidence argument during the MSJ hearing. (Transcript of MSJ Hearing, RE 55, Page ID # 1147-1184) There was no response by Defendant's counsel. (Id.) The following is a portion of Plaintiff's counsel's after-acquired evidence argument that covered 9 pages of the transcript:

> Under the after-acquired evidence doctrine, which, your Honor, by the way, **the defendant did not address in their reply, even though they had an opportunity to do so, that's additional evidence that the defendant realizes that this motion is improperly before the Court on the question of liability. Because under the after-acquired evidence doctrine, you can't use after-acquired to challenge liability.** You can use that, as the Supreme Court says, only to limit damages. Only to limit damages. (Id. Page ID # 1155)
>
> * * *
>
> This is the quintessential after-acquired evidence case, your Honor. And Title VII is trying to root out discriminatory motives against females, against males, against disabled, people with disabilities. (Id. Page ID # 1160)
>
> * * *
>
> One reason, *McKennon*, it says nothing about when something becomes **effective**. **That has nothing to do with the motive at the time you made the decision**. (Id.)
>
> * * *

Case: 25-1544 Document: 36 Filed: 05/11/2026 Page: 9

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

> So with respect to the after-acquired evidence doctrine, your Honor, **<u>which the defendant did not address, at all in the reply</u>**. That alone, your Honor, should preclude summary judgment. (Id. Page ID # 1161)

Defendant-Appellee chose, once again, *not* to contest or respond to Plaintiff-Appellant's after-acquired evidence argument, despite having ample opportunity to do so.

The *choice* was an intentional act. It was based on a strategy. *See Walker v. United States*, 6th Circuit Court of Appeals, published opinion 4/11/2025, (No. 23-5265) ("We can discern strategic reasons why the government might have chosen this course of action. For example, it may have decided against a timeliness argument to avoid responding to the potentially thorny question of whether Walker's August 2016 letter either stopped the clock or was itself a timely filed motion, especially given the leniency afforded to pro se litigants... Given the procedural context, its redirection toward the merits was enough, because waiver can be implied with "silence, coupled with an understanding of [the issue] and a course of conduct indicating waiver.")

Here, the strategy was to camouflage the fact that Defendant-Appellee's motion for summary judgment was defective. If the legal issue of after-acquired evidence is analyzed in sufficient detail, it would expose the weakness of the motion before the district court. But waiver, which is manifest before this Court, means Defendant-Appellee, cannot *rehabilitate* its defective motion for summary judgment. As a result, the Defendant-Appellee has chosen again, to avoid the issue.

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

Sixth Circuit precedents are clear and even overwhelming in establishing the Plaintiff-Appellant's position that reversal is mandated, as a matter of law. *See Cockrun v. Berrien Cnty., Mich. et. al.,* 101 F.4th 416 (6th Cir. 2024) ("[W]e affirm the district court's conclusion that Officers forfeited qualified immunity by failing to develop the argument in their motion for summary judgment."); *see also Ashford v. Univ. of Mich.*, 89 F.4th 960, 975 (6th Cir. 2024) (holding that defendants, who "made little effort to connect the facts in the record to [the] two-pronged test for qualified immunity," forfeited their qualified immunity argument given their "scant treatment" of the issue); *Pritchard v. Hamilton Twp. Bd. of Trs.*, 424 F. App'x 492, 503 (6th Cir. 2011) (holding that the defendants forfeited qualified immunity when they "adverted to [it] in a perfunctory manner, unaccompanied by some effort at developed argumentation") (internal quotations and citation omitted); *Evans v. Vinson,* 427 F. App'x 437 (6th Cir. 2011) (Defendants asserted the defense of qualified immunity both below and on appeal; however, they did so in both instances in a one-and-a half page statement of the law with no attempt at argument, and they cited only the first prong of the test: whether their alleged conduct violated a constitutional right. Defendants have failed to argue that the rights at issue were not clearly established, and as a result they have waived that defense.); *Hills v. Kentucky,* 457 F.3d 583, 588 (6th Cir. 2006) (accepting the district court's conclusion for the first step in the qualified immunity analysis where the defendant made no attempt to explain where the district court erred); *Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004) ("It is a 'settled appellate rule that issues averred to in

Case: 25-1544 Document: 36 Filed: 05/11/2026 Page: 11

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting *United States v. Elder,* 90 F.3d 1110, 1118 (6th Cir. 1996)); *see also Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 552 (6th Cir. 2008) (explaining that under the "traditional rules regarding the waiver of issues" on appeal, "an argument not raised before the district court is waived on appeal to this Court").

In *Jackson v. Genesee Cnty. Road Comm'n,* 999 F.3d 333 (6th Cir. 2021) the Court stated:

> For the first time on appeal, GCRC argues that the second factor, knowledge of the protected activity, is also in dispute. GCRC, however, failed to contest the knowledge requirement before the district court. **A party waives any arguments on appeal that it does not raise before the district court**. *Hayward v. Cleveland Clinic Found.,* 759 F.3d 601, 614–15 (6th Cir. 2014). This court excuses waiver "only when it 'would produce a plain miscarriage of justice' or when there are exceptional circumstances that militate against finding a waiver." Id. at 615 (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008)). **GCRC has not explained why this case falls within the rare exception to waiver. Furthermore, even if we were to address GCRC's argument, there is ample evidence to suggest that the knowledge requirement is met in this case. Accordingly, GCRC's challenge to the knowledge element of Jackson's retaliation claim fails**. *Id.* (Emphasis added)

When a party files its motion for summary judgment, that party has the heavy burden of proving that it is entitled to judgment as a matter of law. That burden cannot be

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

met where the moving party fails to contest a significant argument raised in opposition to summary judgment.

Here, Defendant-Appellee failed to contest Plaintiff-Appellant's after-acquired evidence argument in Defendant-Appellee's reply brief filed in the district court or at oral argument. As a result, Defendant has submitted a motion for summary judgment that had no legal foundation.

Because Defendant failed to respond or contest Plaintiff's argument that summary judgment on the issue of liability is precluded under the after-acquired evidence doctrine, and because the district court order granting Defendant's motion for summary judgment, *directly* conflicts with the Supreme Court's decision in *Mckennon, supra,* reversal is warranted.

**2. The district court impermissibly ignored and disregarded Defendant-Appellant's *own* finding that Tara Miller had presented sufficient evidence to establish a sex-based hostile work environment claim.**

The district court stated on page 24 of its opinion, as follows:

> On the whole, Plaintiff's allegations of a hostile work environment are vague, conclusory, or describe events that were not objectively offensive or discriminatory. She falls short of meeting the **"relatively high bar for what amounts to actionable discriminatory conduct under a hostile work environment theory**." *Phillips v. UAW Int'l*, 854 F.3d 323, 328 (6th Cir. 2017). Accordingly, her hostile work environment claims are subject to dismissal. (Dist. CT. Order and Opinion Granting Summary Judgment, RE-51, Page ID # 1141) (Emphasis added)

Case: 25-1544 Document: 36 Filed: 05/11/2026 Page: 13

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

In reaching this erroneous conclusion, the district court applied the *incorrect* and former "relatively high bar" standard to dismiss Plaintiff-Appellant's hostile work environment claim. The correct legal standard to be applied was pronounced by the Supreme Court in *Muldrow v. City of St. Louis*, 601 U.S. 346, 354-355; 144 S.C. 967; (2024) ("What the transferee does not have to show is that the harm incurred was 'significant' or otherwise exceeded some heightened bar. "Discriminate against" means treat worse, here based on sex."'). This principle of law was followed by Sixth Circuit in the case of *McNeal v. City of Blue Ash,* 117 F.4th 887, 904 (6th Cir. 2024) The Court stated:

> Although Muldrow involved transfers, the Court made clear that its interpretation stemmed from Title VII's generally applicable statutory language, mirrored in the ADEA, which contains no language requiring plaintiffs to show a high level of harm. *Id.* Thus, to challenge a discrete act in a disparate-treatment claim, **the statute requires only that a plaintiff show "some harm respecting an identifiable term or condition of employment."** ***Id.*** **at 355. Crucially, the harm does not have to be "significant" or "serious, or substantial, or any similar adjective suggesting that the disadvantage to the employee must exceed a heightened bar**." *Id.* In short, the employment action is adverse if it leaves the employee "worse off respecting employment terms or conditions." *Id.*

The district court's manifest legal error was compounded by its failure to recognize *all* of the evidence presented by Plaintiff-Appellant. The evidence of record establishes that Defendant-Appellee's own investigation "determined" that Plaintiff-Appellant was

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

subjected to a sex-based hostile work environment and "accepted" her claim. (Plaintiff's EEO Complaint, RE 48-20, Page ID # 1088-1090) Defendant-Appellee's findings stated in relevant part:

> 5. **We have determined your claim of harassment passes the severe or pervasive requirement for further processing. The above-identified events establish a pattern of conduct that could create a hostile work environment and/or that could interfere with the job performance of a reasonable person**. (Id. Page ID #1089-1090) (Emphasis added)

However, the district court impermissibly did not accept Defendant-Appellee's *own* findings, and dismissed the hostile work environment claim, as a matter of law.

This finding of Defendant-Appellee, combined with the *new* hostile work environment standard pronounced by the Supreme Court in *Muldrow, supra,* and followed by the Sixth Circuit in *McNeal, supra,* precluded summary judgment on Plaintiff-Appellant's hostile work environment claim. *See Johnson v. Ford Motor Co.,* 13 F.4th 493 (6th Cir. 2021) ("[A]s in *Abeita*, in the present case, Johnson's testimony was sufficient to demonstrate that Rowan's constant and ongoing harassing conduct was pervasive.")

Therefore, the district court's decision in granting summary judgment on Plaintiff-Appellant's hostile work environment claim must be reversed as a matter of law.

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

**3. The district court determined that Eric Osterbeck did not discriminate or retaliate against Tara Miller based on her rejection of his sexual advances, her age, or disability. This was based solely on the district court's acceptance of Eric Osterbeck's denials. That credibility assessment and determination was in violation of the legal principle that credibility decisions lies within the sole province of the jury. Because a reasonable jury could conclude that Eric Osterbeck was *not* telling the truth, summary judgment was inappropriately granted.**

The denial of Defendant-Appellee's motion for summary judgment was mandated by material factual disputes that existed and maintained throughout Tara Miller's employment. (Plaintiff's Declaration, RE 48-2, Page ID # 880-898) The district court's failure to recognize the factual disputes is primarily exposed on page 2 of its opinion granting summary judgment. (Dist. CT. Order and Opinion Granting Summary Judgment, RE-51, Page ID # 1118-1142) The district court stated as follows:

> Miller was hired by Eric Osterbeck, a senior manager in the human resources department who became her supervisor. **<u>Osterbeck was familiar with Schedule A because he was a Schedule A hire; however, he did not know Miller's specific disability</u>**. Plaintiff **<u>alleges</u>** that soon after she was hired, Osterbeck subjected her to "unwelcome sexual advances and innuendos." Specifically, Plaintiff **<u>alleges</u>** that at a meeting in his office, Osterbeck invited her to help herself to candy or Rice Krispy treats in his office anytime. He **<u>alleged[ly]</u>** said with a "flirtatious smile," "because around here they call me the Candy Man." Plaintiff **<u>alleges</u>** this retriggered the trauma of her sexual assaults because, according to her, the "expression 'Candy Man' has a sexual connotation in that 'Candy' refers to a man's 'penis.'" (Id. Page ID # 1119) (Emphasis added)

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

The emphasized material highlights the legal error made by the district court. It is particularly important that the district court concluded, with no factual basis, that Osterbeck did not "know" the basis of Miller's disability—a conclusion on a *material* fact that affected the result in the case. Defendants presented no substantive evidence for the district court to accept as "true" Osterbeck's denial of the basis for Miller's Schedule A disability. Yet, all the evidence presented by Tara Miller contradicting this conclusion was impermissibly ignored by the district court.

When the district court stated that Eric Osterbeck "did not know Tara Miller's specific disability" it was relying on the "truthfulness" of Osterbeck's deposition testimony where this "denial" was alleged. That assertion was not based upon objective evidence in the case.

Because Eric Osterbeck himself was a Schedule A disability hire, the substantive fact is that he *knew* that a person with a Schedule A disability is suffering from at least one of the following "severe" disabilities: (1) physical; (2) intellectual; and (3) psychological. (Plaintiff's Declaration ¶¶ 7-8, RE 48-2, Page ID # 882-883) By observation alone, Eric Osterbeck knew Miller did not suffer from a "severe" physical disability. Osterbeck also knew from the extensive, varied and complicated job duties he hired her to perform as a HR Specialist, that Tara Miller did not have a "severe" intellectual disability. Those duties included the following:

> To write Employee Verification Letters, for VA personnel, and Standard Operation Procedures, edited memorandums, write advertisement slogans for VA "Open Season" Health

Case: 25-1544 Document: 36 Filed: 05/11/2026 Page: 17

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

> Care Marketing pitches, conduct research to assist all potential new hires with employment at the VA, host New Employee Orientation Workshops to onboard new hires, arrange "Open Season" Health Care Fairs, for VA Employees, provide direct coverage to HR Department front desk office, consulted with new hires about selected Health Care coverage, and benefits, prepare New Employee Orientation folders, for medical and non-clinical personnel, assisted retirees and those who resigned with their clearance requirements, prepare Transmittal Forms, for Employee Drug Testing, and Employee Health Physical appointments, assist all Detroit VA Medical Center personnel internally, and externally with Thrift Saving Plan inquiries, provide guidance to VA Employees on how to complete Family Medical Leave Act Plans, and Loan Forgiveness Forms, Verified VA Employment Status, assist with Death Gratuities and Physician Bonuses, track and input Detroit VA Employees' service-time on an Excel Spread-sheet to track their years of service, distribute all in-coming mail to Human Resource Managers and HR personnel, receive data and update the VA Transit Subsidy Excel spread sheets, for employees who utilized public transportation, research and extract personnel information in HR Smart, USA Staffing, Electronic Office Personnel Manager (eOPF), and Veterans Health Information Systems and Technology Architecture (VISTA) to assist VA Employees with benefits information, or other miscellaneous requests, code personnel Actions in the HR Smart System based on the Guide to Process Personnel Actions, and process close to 2,700 Telework Agreements throughout the John D. Dingell VA facility between August 5, 2020 through February 24, 2021. (Plaintiff's Declaration ¶ 23, RE 48-2, Page ID # 887)

Viewed in the light most favorable to Tara Miller, as the law requires, a jury could reasonably conclude from her lengthy and extensive job description that Osterbeck

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

knew Miller was not suffering from a "severe" intellectual disability or physical disability, but from a "psychological" disability.

Because it was for the jury, not the trial court to assess and weigh Osterbeck's credibility, the district court inappropriately granted summary judgment on Plaintiff-Appellant's disability claim.

It is significant, to say the least, that the record establishes, with absolute clarity, that Eric Osterbeck also lied on a substantial material fact concerning his disparate treatment of Tara Miller as compared to the much younger and sexually complicit co-worker, Erica Bethany. One of the most glaring examples of Osterbeck's untruthfulness was the "reason" he failed to discipline Bethany for her repeatedly reporting to work late. Osterbeck testified that the reason he allowed Bethany violate the work rules was because her toddler had "severe medical complications." (Osterbeck Dep. RE 48-8, Page ID # 958-959) Osterbeck testified as follows:

> Q. So you're not going to say under oath that [Erica Bethany] was never—you're saying under oath that she did not have a tardiness problem after July 23rd, 2020 letter, you're not going to say that under oath that she did not continue to be late? You're not going to say that, are you?
>
> **A. Well, you're talking four and a half years ago and I don't have an employee's leave record in front of me. As a reasonable person, do you think it just all of a sudden ceased? I've seen it happened. I don't know for her specifically because I'm not looking at her record. Unfortunately—** (Id. Page ID # 958)
>
> Q. I understand.

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

> **A. Unfortunately, she was a single mother with a toddler who had severe medical complications and she was trying to deal with being a single parent and a toddler with severe medical complications and it was difficult for her because the child needed breathing treatments and care that the daycare could not do. So she was in a difficult predicament. No, she's probably still going through it today.** (Id. Page ID # 958-959)

Osterbeck *knew* his testimony was untrue when he gave it. Erica Bethany testified at the deposition that she only had her son "on the weekends." Bethany testified as follows:

> Q. Okay. And the arrangements you made for his father to have him during the week and for you to have him on the weekends was for what reason? Because you were working?
> **A. To spend time with him. To spend time--**
>
> Q. No, no, no. **<u>The reason why you only had him on the weekends was because you were working during the week</u>**? Is that--
> **A. Correct.**
>
> Q. –why you made the arrangement?
> **A. Correct. Because his father had a—his own business. But during that timeframe, because March was when COVID hit Michigan.** (Bethany Dep. RE 48-10, Page ID # 984)

Eric Osterbeck testified that he did not discipline Erica Bethany for being consistently late for work because she gave the reason she was caring for her sick son. (Osterbeck's Warning of Disciplinary Action Letter to Bethany, RE 48-9, Page ID # 966-982) Bethany's testimony directly contradicted that position taken by Osterbeck.

Case: 25-1544 Document: 36 Filed: 05/11/2026 Page: 20

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

From this conflicting testimony, a jury could reasonably find that Osterbeck lied to mask his discriminatory animus against Plaintiff-Appellant because of her age, and because she rejected his sexual advances and Bethany did not.

Credibility assessments lie within the sole province of the jury. *See Kean v. Brinker Int'l, Inc., et. al.* published opinion, No. 24-5514 (6th Cir. June 17, 2025) ("Resolution of this dispute requires evaluation of Kean's credibility, which is appropriate for resolution by the trier of fact.").

Therefore, the district reversibly erred in relying upon Osterbeck's testimony to grant Defendant-Appellant's motion for summary judgment.

## II. CONCLUSION

This Court reviews all legal questions de novo. In the case at bar, the legal doctrine of after-acquired evidence was submitted precisely with legal and factual support. For reasons of litigation strategy, the Defendant-Appellee did not contest or address in any manner the extensive and substantive legal argument presented by Plaintiff-Appellant to the district court. The strategy was to avoid and mask the weakness of Defendant-Appellee's motion for summary judgment, by directing the district court to "other" issues. However, the district court's failure to recognize that Defendant-Appellee was *not* opposed to the Plaintiff-Appellant's after-acquired evidence argument requires reversal of the district court's grant of summary judgment.

On appeal, Defendant-Appellee follows the same strategy. Therefore, in the case at bar, there is no opposition to the reversal of the district court under the after-

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

acquired evidence doctrine. Whether the position of Defendant-Appellee is waived or conceded, the affirmance of the district court's decision has no foundation.

The failure to address a specific, vital and dispositive legal issue presents to this Court a severely flawed decision-making process. The district court's decision granting summary judgment is neither balanced nor legally substantive. Disputed *material* facts that do *not* support Defendant-Appellee's motion for summary judgment were either, disregarded, unanalyzed or incorrectly applied.

Credibility issues are reserved by law for resolution by the jury. Nevertheless, the district court relied on credibility determinations to support its opinion. In that situation, reversal of the grant of summary judgment is mandated, as a matter of law.

## III. <u>RELIEF REQUESTED</u>

For the foregoing reasons, Plaintiff-Appellant, Tara Miller, respectfully requests that the district court's order granting summary judgment be vacated and reversed and case remanded for trial by jury.

Respectfully submitted,
By: D. Rick Martin

DEWEY RICK MARTIN (P-42484)
13900 Woodward Avenue
Highland Park, Michigan 48203
(248) 872-7907
Attorneys for Plaintiff
drickmartin@glottaassociates.com

Case: 25-1544 Document: 36 Filed: 05/11/2026 Page: 22

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4,157 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word in 14-point Times New Roman.

/s/ D. Rick Martin May 11, 2026
D. Rick Martin
Attorney for Appellant

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

## CERTIFICATE OF SERVICE

I, D. Rick Martin, hereby certify that on May 11, 2026, I electronically filed Plaintiff-Appellant's Reply Brief with the Clerk of the Court using the ECF system which will send notification to all attorneys on file.

Respectfully submitted,

by: /s/D. Rick Martin

D. RICK MARTIN (P42484)
13900 Woodward Ave.
Highland Park, MI 48203
(248) 872-7907
Attorney for Plaintiff-Appellant
drickmartin@glottaassociates.com

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

## ADDENDUM

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

**Pursuant to Sixth Circuit Rule 30(b)**

The following filings from the district court's record are relevant documents:

| Document Description | Docket Entry | Page ID |
|---|---|---|
| Dist. CT. Order Granting SJ | 51 | 1118-1142 |
| Osterbeck's 1/25/2021 Request to Terminate Plaintiff | 39-16 | 668-669 |
| Plaintiff's Declaration | 48-2 | 880-898 |
| Schedule A-Disabled Veteran Letter | 48-5 | 916 |
| Osterbeck Deposition | 48-8, | 928-930, 950-962 |
| Osterbeck Warning of Disciplinary Action to Bethany | 48-9 | 966-982 |
| Bethany, Deposition | 48-10 | 984, 988 |
| Plaintiff's EEO Affidavit | 48-11 | 989-1006 |
| Disability Leave Emails | 48-12 | 1031-1038 |
| Scott Email | 48-13 | 1039-1040 |
| Bukowsky Email Chain | 48-14 | 1041-1051 |
| Jenkins Text | 48-17 | 1079-1080 |
| Rushing Investigation of Osterbeck Memorandum | 48-18 | 1081-1082 |
| Gonzales' Approval of | | |

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

| | | |
|---|---|---|
| Termination Letter | 48-1 | 877-879 |
| Plaintiff's VA Harassment/ Discrimination Complaint | 48-20 | 1088-1090 |
| Defendant's Motion for Summary Judgment | 39 | 132-164 |
| Defendant's Reply to Plaintiff's Response to MSJ | 50 | 1107-1117 |
| Plaintiff's Deposition Excerpts | 41-2 | 723-727 |
| Transcript of MSJ Hearing | 55 | 1147-1184 |
| Plaintiff's Response to Defendant's MSJ | 48 | 832-876 |

Respectfully submitted,
by: D. Rick Martin

DEWEY RICK MARTIN (P-42484)
13900 Woodward Avenue
Highland Park, Michigan 48203
(248) 872-7907
Attorneys for Plaintiff
drickmartin@glottaassociates.com