Case: 25-1544 Document: 43-1 Filed: 09/11/2026 Page: 1

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

No. 25-1544

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

TARA MILLER,

Plaintiff-Appellant

vs

DENNIS MCDONOUGH,
Secretary and U.S. Department of
Veterans Affairs

Defendants-Appellees

______________________________________________/

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

# PLAINTIFF-APPELLANT'S PETITION FOR REHEARING *EN BANC*

DEWEY RICK MARTIN
13900 Woodward Ave.
Highland Park, MI 48230
(248) 872-7907
Attorney for Plaintiff-Appellant
drickmartin@glottaassociates.com

Case: 25-1544 Document: 43-1 Filed: 09/11/2026 Page: 2

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

# TABLE OF CONTENTS

INDEX OF AUTHORITIES……………………………………………………........3

DISCLOSURE STATEMENT…………………………………………………….5

I. RULES 35 AND 40 STATEMENT……………………………………………6

II. STATEMENT OF THE CASE………………………………………………..8

III. REASONS FOR GRANTING THE PETITION…………………………...12

**A. The Panel Applied the Wrong Constitutional Paradigm to Plaintiff-Appellant's claims brought under the Rehabilitation Act Section 501.. ……………………………………………………………12**

IV. CONCLUSION…………………………………………………………………17

CERTIFICATE OF COMPLIANCE……………………………………………18

ADDENDUM……………………………………………………………………..19

CERTIFICATE OF SERVICE…………………………………………………..20

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

**INDEX OF AUTHORITIES**

**Cases**

*Arlington Central Sch. Dist. Bd of Education v. Murphy,* 548 U.S. 291 (2006)........................................................................15

*Bledsoe v. TVA Bd. of Directors* 42 F.4th 568 (6th Cir. 2022)..................12

*Hiler v. Veteran Affairs,* 177 F.3d 542 (1999)............................14, 15

*Jackson v. Birmingham Board of Education*, 544 U.S. 167 (2005)...........15

*Shirey v. Devine*, 670 F.2d 1188, 1193 (D.C. Cir. 1982)......................12

*Smith v. Mich. Department of Corrections,* 25a317p (6th Cir. 2025)..6, 15, 16

**STATUTES**

Rehabilitation Act § 501 ........................................5, 11, 13, 14, 16, 17

Rehabilitation Act § 501(a)(1)......................................................15

Rehabilitation Act § 504..............................................5, 11, 16, 17

Rehabilitation Act § 505.............................................................5

Title VI of the Civil Rights Act.....................................................11

Title VII of the Civil Rights Act..................................10, 11, 15

29 CFR § 1614.203(a) of ADA.......................................................11

29 U.S.C. § 791(b).....................................................................11, 14

29 U.S.C. § 791(g).....................................................................11, 14

29 U.S.C. § 794(a)................................................................11, 13, 14

42 U.S.C. §§ 12101 et. seq of the ADA.............................................12

Case: 25-1544 Document: 43-1 Filed: 09/11/2026 Page: 4

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

42 U.S.C. §§ 12112(b)(5)(A) of the ADA..................................................12

42 U.S.C. §§ 12102(1)(A) of the ADA....................................................12

42 U.S.C. §§ 12111(8) of the ADA.......................................................12

42 U.S.C. §§ 12203(a) and (ii) of the ADA.....................................12, 13

42 U.S.C. §§ 12203(b) of the ADA.......................................................13

**COURT RULES**

Fed. R. App. 35.......................................................................6

Fed. R. App. 40.......................................................................6

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

## DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST

Pursuant to 6th Cir. R. 26.1, Appellant makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly-owned corporation? If the answer is YES, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

   No.

2. Is there a publicly-owned corporation, not a party to the appeal that has a financial interest in the outcome? If the answer is YES, list the identity of such corporation and the nature of the financial interest:

   No.

/s/ D. Rick Martin
(Signature of counsel)

September 11, 2026
Date

Case: 25-1544 Document: 43-1 Filed: 09/11/2026 Page: 6

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

## I. RULE 35 AND 40 STATEMENT OF COUNSEL

Based upon my professional judgment, I certify that this appeal involves a question of exceptional importance because the panel applied the wrong Section of the Rehabilitation Act in affirming the district court's grant of summary judgment on Tara Miller's Rehabilitation claim.

Tara Miller was a federal employee who is covered by Section 501 and Section 505 of the Rehabilitation Act. Section 504 applied by the panel cannot be applied to Tara Miller's case.

Specifically, the panel's holding that the Rehabilitation Act does *not* provide a cause of action for retaliation for federal employees is in direct conflict of Section 501 of the Rehabilitation Act.

Furthermore, by applying *Smith v. Michigan Department of Corrections,* 25a317p (6th Cir. 2025) (Panel Opinion, RE 56, Page ID #1185), which is a contract-law framework meant for "private fund recipients" to a federal executive department, the panel failed to apply the plain text of Section 501 and Section 505 of the Rehabilitation Act, which explicitly incorporates the anti-retaliation rights, remedies, and procedures of Title VII of the Civil Rights Act of 1964.

*En banc* consideration is vitally necessary to correct the panel's manifest legal error, to secure compliance with the Rehabilitation Act's protections of *federal* employees against retaliation, to maintain uniformity of this Court's decisions and to

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

resolve a statutory question of exceptional national importance affecting thousands of disabled federal employees.

Dated: September 11, 2026
Respectfully submitted:
Dewey Rick Martin (P42484)
Counsel for Plaintiff-Appellant Tara Miller

Case: 25-1544 Document: 43-1 Filed: 09/11/2026 Page: 8

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

## II. STATEMENT OF THE CASE

### A. Relevant Factual Background

Plaintiff, Tara Miller was born July 8, 1969. She joined the United States Army on May 9, 2011 and continues to serve the country as a Sargent First Class in the U.S. Army Reserves Unit. (Plaintiff's Declaration ¶ 1, RE 48-2 Page ID # 880) Plaintiff re-enlisted in the Army Reserves twice: in 2017, and the second time in June 2024. (Id.; Re-enlistment Certificates, RE 48-3, Page ID 889-902)

Unfortunately, during Tara Miller's service, she was violently physically sexually assaulted by male soldiers twice. (Plaintiff's Declaration ¶ 2, RE 48-2, Page ID # 881) The first sexual assault occurred in 2014 at Fort Gillem, Georgia, and the second one occurred in 2015 while she was on duty in Kuwait. (Id.)

As a result of the "two" sexual assaults suffered by Tara Miller she was awarded a "70% service-connected psychiatric disability for PTSD with a history of MST [Military Sexual Trauma]." (Plaintiff's Declaration ¶ 4, RE 48-2, Page ID # 882; Schedule A-Disabled Veteran Letter, RE 48-5, Page ID # 916)

On February 4, 2020, Plaintiff began working at the VA in Detroit. (Id. ¶ 6, RE 48-2, Page ID # 882; Plaintiff's Resume, RE 48-6, Page ID # 917-920) Despite Supervisor Eric Osterbeck's knowledge that Tara Miller had a severe psychiatric disability, he immediately subjected Plaintiff to *unwelcomed* sexual advances and sexual innuendos, causing her to immediately relive the two violent sexual assaults for which she was undergoing psychiatric treatment for PTSD and MST. (Id. ¶ 8, RE 48-2, Page ID # 883)

Case: 25-1544 Document: 43-1 Filed: 09/11/2026 Page: 9

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

Tara Miller's medical records show that as a direct result of the "work environment" Plaintiff had to increase her psychiatric counseling visits and the medication for her depression, mental anguish, and anxiety. (Progress Notes, RE 48-21, Page ID # 1091-1099; Disability Notes, RE 48-22, Page ID # 1100-1103; Plaintiff's Declaration, RE 48-2, ¶¶ 26-28, Page ID # 888-890; ¶¶ 51-52, Page ID # 895-897)

On December 17, 2020, just 5 *weeks* before Osterbeck recommended Plaintiff's termination he demonstrated discriminatory animus and hostility towards Plaintiff's known service-connected psychological disability. (Id. ¶ 29, Page ID # 890) This animus included mocking Plaintiff's disability by calling her "crazy" and repeatedly telling Plaintiff that she has lacked the "mental" ability to "complete simple tasks" or follow "simple directions" that he had "never supervised" a person like her, and that Plaintiff was "skating on thin ice." (Id. ¶¶ 26-28, Page ID # 888-890; ¶¶ 51-52, Page ID # 895-897; Disability Leave Emails, RE 48-12, Page ID # 1031-1038)

In addition, Osterbeck wrongfully denied Plaintiff 104 hours of leave benefits she was entitled as a service-connected disabled veteran. When Plaintiff complained that she should not be required to use her personal sick leave time, he falsely denied knowing that Plaintiff was a disabled veteran. (Plaintiff's Declaration, ¶ 29, RE 48-2, Page ID # 890) As a result, Plaintiff was wrongfully denied the 104 hours of medical leave benefits in violation of her rights against discrimination and retaliation under the Rehabilitation Act.

On December 28, 2020, Plaintiff contacted VA's Equal Employment Opportunity Specialist, Donald Scott to complain about Director Osterbeck's discriminatory and

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

retaliatory treatment. (Id. ¶ 31, Page ID # 890-891; Scott Email, RE 48-13, Page ID # 1039-1040) Scott warned Plaintiff that because she was a probationary employee that her supervisor *may fire her in retaliation*. (Id.)

Three days later, on January 21, 2021, Director Ostebeck falsely accused Tara Miller of making errors, once again mocked and ridiculed her psychological disability, and threatened to fire her. (Id.) Osterbeck also falsely accused Plaintiff of intentionally failing to comply with his instruction about "mass-email" communications. (Plaintiff's Declaration ¶ 32, RE 48-2, Page ID # 891).

On January 25, 2021, Osterbeck made the decision to terminate Plaintiff's employment. (Plaintiff's Declaration, ¶ 38, RE 48-2, Page ID # 892) Importantly, Osterbeck's termination decision occurred *less than five weeks* after he penalized Plaintiff for obtaining medical treatment of her *service-connected* psychological disability, and *less than four weeks* after Tara Miller complained about Osterbeck's discriminatory and retaliatory conduct to the VA on December 28, 2020.

When Plaintiff asked Osterbeck why she was being terminated he stated she was not a "satisfactory fit in the department." (Plaintiff's Declaration, ¶ 38, RE 48-2, Page ID # 892) In other words, on January 25, 2021, Eric Osterbeck established the *unlawful* discriminatory and retaliatory basis for firing Tara Miller. (Id.)

Osterbeck immediately promoted Erica Bethany to Plaintiff's former G-7 Human Resources Generalists position. Defendant presented no evidence that Bethany was a disabled employee.

Case: 25-1544 Document: 43-1 Filed: 09/11/2026 Page: 11

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

**B. Relevant Procedural History**

Plaintiff filed this lawsuit against Defendant for violating her rights against discrimination and retaliation under Title VII, ADEA and Rehabilitation Act. (Second Amended Complaint, RE-10, Page ID # 31-36)

On June 11, 2025, the district court entered its opinion and order granting Defendant's motion for summary judgment. (Dist. CT. Op. RE 51, Page ID # 1118-1142) In that same opinion and order the district court denied Plaintiff's motion to file a third amended complaint, stating:

> "Because Defendant addressed the merits of Plaintiff's disability claim under the Rehabilitation Act, as did the court, the court finds that an amendment is not necessary. **Plaintiff's disability claims are being dismissed for failure to meet the standard under the Rehabilitation Act**, not because of a pleading error." (Id. Page ID # 1142) (Emphasis added)

Tara Miller timely filed a Notice of Appeal on June 11, 2025. (Notice of Appeal, RE 53, Page ID # 144-145).

On July 27, 2026, the panel affirmed the district court's order granting summary judgment. In affirming the dismissal of Tara Miller's Rehabilitation Act claim, the panel stated in relevant part:

> We turn next to Miller's retaliation claims under Title VII, the ADEA, and the Rehabilitation Act. As an initial matter, **Miller's claim under the Rehabilitation Act fails at the outset in light of this court's recent holding that "§ 504 of the Rehabilitation Act does not provide a cause of action for retaliation.**" *Smith v. Mich. Dep't of Corr.*, 159 F.4th 1067, 1071 (6th Cir.

Case: 25-1544 Document: 43-1 Filed: 09/11/2026 Page: 12

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

2025). (Panel Opinion, RE 56m Page ID # 1185) (Emphasis added)

Tara Miller was a federal employee of the Veterans Administration. Therefore, the correct statutory section of the Rehabilitation Act is Section 501, not Section 504.

## III. REASONS FOR GRANTING THE PETITION

### A. The Panel Applied the Wrong Constitutional Paradigm to Plaintiff-Appellant's claims brought under the Rehabilitation Act Section 501.

The Rehabilitation Act "was the first major federal statute designed to provide assistance to the whole population of" individuals with disabilities. *Shirey v. Devine*, 670 F.2d 1188, 1193 (D.C. Cir. 1982). The Act's purpose is to ensure that the federal government is "a model employer of individuals with disabilities," 29 C.F.R. § 1614.203(a), and is proactive in their "hiring, placement, and advancement," 29 U.S.C. § 791(b).

The Senate added § 505 to the Rehabilitation Act, 29 U.S.C. § 794a, which extended the remedies available under Title VII of the Civil Rights Act (including a private cause of action for damages) to federal employees who brought claims under § 501. Id. This amendment also extended the remedies available under Title VI of the Civil Rights Act to claims brought under § 504. *Bledsoe v. TVA Bd. of Directors* 42 F.4th 568 (6th Cir. 2022) (quoting *Bartlett v. Dep't of the Treasury (I.R.S.), 749 F.3d 1, 5-7* (1st Cir. 2014)).

Case: 25-1544 Document: 43-1 Filed: 09/11/2026 Page: 13

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

The Act, as amended, directs courts to employ the standards of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., in evaluating suits that, as relevant here, allege that an employer unlawfully denied an accommodation. See 29 U.S.C. § 791(g); see also 29 C.F.R. § 1614.203(b) (applying to the Rehabilitation Act the standards in the Americans with Disabilities Act regulations, 29 C.F.R. Part 1630).

Specifically, the Rehabilitation Act requires federal employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 42 U.S.C. § 12112(b)(5)(A). An "individual with a disability" includes a person with "a physical or mental impairment that substantially limits one or more major life activities." Id. § 12102(1)(A). To be a "qualified individual" entitled to the Rehabilitation Act's protections, an individual must be able to perform, "with or without reasonable accommodation," "the essential functions of the employment position that such individual holds or desires." Id. § 12111(8).

The Rehabilitation Act also forbids retaliation against or coercion of individuals who seek to vindicate the rights guaranteed by the statute. The Act does so by making it unlawful both (i) to retaliate "against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter," 42 U.S.C. § 12203(a), and (ii) to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter," id. § 12203(b).

Federal employees receive a cause of action for "retaliation" under Section 501 of the Rehabilitation Act, which explicitly incorporates the standards and remedies of Title VII and the American with Disabilities Act (ADA). As this Court stated in *Hiler v. Veteran Affairs,* 177 F.3d 542 (1999):

> "The Rehabilitation Act of 1973 prohibits discrimination and retaliation in employment against disabled persons by federal agencies. See 29 U.S.C. §§ 791, 794 (1994); *Smith v. United States Postal Serv.,* 742 F.2d 257, 259 (6th Cir. 1984). Significantly, the anti-retaliation provision of the Rehabilitation Act, which incorporates by reference § 12203(a) of the ADA, provides in relevant part that "[n]o person shall discriminate against an individual because such individual has opposed any act or practice made unlawful by this Act." 29 U.S.C. § 794(a) (1994). Under the Rehabilitation Act, **an aggrieved federal employee is entitled to the "remedies, procedures, and rights" set forth in Title VII of the Civil Rights Act**. Id. (Emphasis added)

Significantly, the anti-retaliation provision of the Rehabilitation Act, which incorporates by reference § 12203(a) of the ADA, provides in relevant part that "[n]o person shall discriminate against an individual because such individual has opposed any act or practice made unlawful by this Act." 29 U.S.C. § 794(a) (1994). Under the Rehabilitation Act Section 501, an aggrieved federal employee is entitled to the "remedies, procedures, and rights" set forth in Title VII of the Civil Rights Act. *Id.*

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

Section 501 applies specifically to federal executive agencies and departments. The Equal Employment Opportunity Commission (EEOC) enforces Section 501 and maintains that it prohibits *retaliation* against federal workers who oppose disability discrimination or participate in the EEO process. *See, Jackson v. Birmingham Board of Education*, 544 U.S. 167 (2005) ("Retaliation is, by definition, an intentional act. It is a form of "discrimination" because the complainant is being subjected to differential treatment."); *see also, Hiler, supra* ("The Rehabilitation Act of 1973 prohibits discrimination and retaliation in employment against disabled persons by federal agencies. See 29 U.S.C. §§ 791, 794 (1994"))

The panel's reliance on *Smith's* framework represents a fundamental reversible legal error when applied to a federal agency. The decision in *Smith* turned entirely on a contract law analogy derived from the Spending Clause. Under *Arlington Central School District Board of Education v. Murphy,* 548 U.S. 291 (2006), state and private recipients of federal funds must have clear notice, unambiguous notice of the liabilities they assume by accepting federal dollars. The *Smith* majority reasoned that because Section 504 does not explicitly feature the word "retaliation," state employers lacked fair notice that they could be sued for "retaliatory" conduct.

Unlike, the state corrections officer in *Smith, supra*, Tara Miller was a federal employee of the Veterans Administration, a federal executive department. The federal government does not receive "federal financial assistance" via the Spending Clause;

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

rather, it operates under its own direct constitutional authority. Consequently, the "clear notice" contract-law rule is completely irrelevant to federal agencies.

While *Smith, supra*, was litigated under Section 504 (which governs fund recipients) federal employees bring their claims under Section 501 (affirmative action for federal employees) and Section 505(a)(1) of the Rehabilitation Act.

Section 505(a)(1) explicitly mandates that the *"remedies, procedures, and rights set forth in Section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16) shall be available"* to any federal employee aggrieved under Section 501. Section 717 of Title VII is the exclusive vehicle for federal employment discrimination claims. The Supreme Court has repeatedly affirmed that Title VII's core "rights and remedies" inherently include protection against retaliation claims brought by federal employees. *Jackson, supra.*

If left undisturbed, the panel's decision creates a legally indefensible paradox within federal law. A federal employee at the Veterans Administration who alleges race or sex discrimination under Title VII is fully protected against retaliatory termination.

However, under the panel's decision, a disabled federal employee at the exact same agency who requests a reasonable accommodation under the Rehabilitation Act can be fired the next day with absolute legal impunity.

Congress enacted the 1978 and 1992 amendments to the Rehabilitation Act specifically to harmonize federal disability protections with Title VII. The panel's

Case: 25-1544 Document: 43-1 Filed: 09/11/2026 Page: 17

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

interpretation completely fractures that uniformity, stripping federal workers, like Tara Miller, of a shield they have relied upon decades.

## IV. CONCLUSION

Section 504 of the Rehabilitation Act applies to programs receiving federal financial funding and assistance. Federal government employees bring claims against the federal agencies, like the Veterans Administration, under Section 501 of the Rehabilitation Act, which explicitly incorporates Title VII standards where retaliation is actionable.

Based on the foregoing, Plaintiff-Appellant, Tara Miller, respectfully requests that the panel grant the petition for rehearing *En Banc* review to correct a clear legal error.

Respectfully submitted,

By: /s/D. Rick Martin
D. RICK MARTIN (P42484)
13900 Woodward Ave.
Highland Park, MI 48203
(248) 872-7907
Attorney for Plaintiff-Appellant
drickmartin@glottaassociates.com

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,554 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word in 14-point Times New Roman.

/s/ D. Rick Martin                September 11, 2026

D. Rick Martin
Attorney for Plaintiff-Appellant

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

# ADDENDUM

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS
**Pursuant to Sixth Circuit Rule 30(b)**

The following filings from the district court's record are relevant documents:

| Document Description | Docket Entry | Page ID |
|---|---|---|
| 1. Panel Opinion | 56 | 1185 |
| 2. Plaintiff's Declaration | 48-2 | 880-898 |
| 3. Re-Enlistment Certificates | 48-3 | 889-902 |
| 4. Schedule A Disabled Veteran Letter | 48-5 | 916 |
| 5. Plaintiff's Resume | 48-6 | 917-920 |
| 6. Progress Notes | 48-21 | 1091-1099 |
| 7. Disability Notes | 48-22 | 1100-1103 |
| 8. Disability Leave Emails | 48-12 | 1031-1038 |
| 9. Donald Scott Email | 48-13 | 1039-1040 |
| 10. Second Amended Complaint | 10 | 31-36 |
| 11. Dist. Ct. Op. | 51 | 1118-1142 |
| 12. Notice of Appeal | 53 | 144-145 |

Respectfully submitted,

By: /s/D. Rick Martin
D. RICK MARTIN (P42484)
13900 Woodward Ave.

Case: 25-1544 Document: 43-1 Filed: 09/11/2026 Page: 20

LAW OFFICES
D. RICK MARTIN, ESQ.
220 BAGLEY• SUITE 8080 DETROIT MI 48226-1409• (313) 963-1320

Highland Park, MI 48203
(248) 872-7907
Attorney for Plaintiff-Appellant
drickmartin@glottaassociates.com

## CERTIFICATE OF SERVICE

I, D. Rick Martin, hereby certify that on September 11, 2026, I electronically filed Plaintiff-Appellant's Petition for Rehearing *En Banc* and Addendum with the Clerk of the Court using the ECF system which will send notification to all attorneys on file.

Respectfully submitted,

By: /s/D. Rick Martin

D. RICK MARTIN (P42484)
13900 Woodward Ave.
Highland Park, MI 48203
(248) 872-7907
Attorney for Plaintiff-Appellant
drickmartin@glottaassociates.com